HELENE N. WHITE, Circuit Judge
(concurring).
I agree with my dissenting colleague that this is a close case and acknowledge the reality of his observations. The police possess considerable authority simply by virtue of the uniform and most citizens are hesitant to refuse police requests, even when not presented as orders. Many criminal defendants would have buttressed a failed motion to suppress under the Fourth Amendment by politely refusing a police request, continuing on their way, and waiting for a clear exercise of authority. That they did not feel free to do so, however, has not been deemed sufficient under the case law. The 'Mendenhall test[1], which asks whether a reasonable person would have believed that he was not free to leave, looks to police action, words, weapons and threats, and gives little weight to the inherent coercion in being approached or addressed by a police officer. Here, the district court could have properly granted the motion based on the magistrate judge’s findings of fact and conclusions of law. But the court held its own evidentiary hearing and was thus entitled to find its own facts, if not clearly erroneous. Because the conclusion that Preston voluntarily walked toward the police cruiser to engage with Jackson when he could have stayed where he was and answered Jackson from where he stood, and then continued on his way into or away from the store, is adequately supported by the record, I agree that we are compelled to affirm.

. United States v. Mendenhall, 446 U.S. 544, 553-55, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980).